UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RILEY, in her capacity as the Treasurer-Tax Collector of Stanislaus County,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LLOYD G. PLOUTZ, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-01177-DAD-EPG<br><br>ORDER CONCERNING STIPULATION AND PROPOSED ORDER |

On August 20, 2020, Defendant United States of America, Internal Revenue Service removed this action concerning excess proceeds from a tax sale from the Superior Court of California, County of Stanislaus. (ECF No. 1). By the time of removal, Defendant Seeger Industries, Inc., had filed an answer and a cross-complaint. (ECF Nos. 6-13, 6-14).

On September 11, 2020, Defendant City of Modesto ("Modesto") filed a notice "disclaim[ing] any right, title, and/or interest in or to the property at issue in this action (336 De Vega Court, Modesto, CA 95354), or any proceeds from the sale of such property, including Modesto's claim in the amount of $611.64 recited in the Complaint." (ECF No. 8 at 2). The same day, Modesto and Plaintiff Donna Riley filed a stipulation for dismissal with prejudice, stating that Modesto was dismissed with prejudice pursuant to Rule 41. (ECF No. 9).

///

1

Rule 41(a)(1) governs voluntary dismissals. That rule states:

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
   (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
   (ii) a stipulation of dismissal signed by all parties who have appeared.
(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

It is not clear to the Court that this stipulation complies with Rule 41(a)(1). As to Rule 41(a)(1)(A)(i) it is not clear whether Modesto's filing at ECF No. 8 is an "answer" for present purposes. And Rule 41(a)(1)(A)(ii) does not apply because the stipulation was not "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

Accordingly, it is HEREBY ORDERED that within seven (7) days, Plaintiff and Modesto shall file either (1) a stipulation signed by all parties that have appeared in accordance with Rule 41(a)(1)(A)(ii) or (2) an explanation for why their stipulation (ECF No. 9) otherwise satisfies Rule 41.

IT IS SO ORDERED.

Dated:   **September 15, 2020**        /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE