1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DONNA RILEY, in her capacity as the
    Treasurer-Tax Collector of Stanislaus
12  County,

13              Plaintiff,

14      v.

15  LLOYD G. PLOUTZ, et al.,

16              Defendants.

17

No.  1:20-cv-01177-DAD-EPG

ORDER FOLLOWING INITIAL
SCHEDULING CONFERENCE

ORDER SETTING CONTINUED
SCHEDULING CONFERENCE

April 26, 2021 at 1:30 p.m.

18          On January 19, 2021, the Court held a telephonic initial scheduling conference. Counsel

19  Marc Hartley appeared for Plaintiff Donna Riley; Defendant Lloyd G. Ploutz appeared *pro se;*

20  counsel Colleen Frances Van Egmond appeared for Defendant Seeger Industries, Inc.; counsel

21  Michael Dyer appeared for Defendant William R. Morehead; counsel Isaac Hoenig appeared for

22  Defendant United States of America, Internal Revenue Service; and counsel David Mehretu

23  appeared for the City of Modesto.[1]

24          The action here concerns the excess proceeds of a tax sale in the amount of $168,533.44

25  (*see, generally*, ECF No. 6-9) (first amended complaint) and potential liabilities Defendant Ploutz

26  may owe to the federal government (ECF No. 15) (answer and cross-claim against Defendant

27

28  [1] There are at least three crossclaims in this action. (ECF Nos. 6-14, 14, 15). To avoid prolix, all parties other than
    Plaintiff Riley are referred to as a Defendant.

Ploutz by United States of America, Internal Revenue Service).

**I.      SCHEDULING CONFERENCE CONTINUED**

In the interest of facilitating settlement and reducing legal fees, the Court declined to issue a full scheduling order at this time. The Court continued the scheduling conference to April 26, 2021, at 1:30 p.m.

**II.     OPENING OF DISCOVERY**

Discovery is now open. The following discusses procedures should the parties reach an impasse concerning discovery.

**A.      Informal Discovery Conference**

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference.  A party wishing to schedule such a conference should contact chambers to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or via video in an attempt to resolve the dispute.

Prior to the conference, both parties shall simultaneously submit letters, outlining their respective positions regarding the dispute.  The Court will provide the date the letters are due at the time the conference is scheduled.  Such letters shall be no longer than 3 pages single spaced, and may include up to 5 pages of exhibits.  Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and *not* filed on the docket.

The Court's minute order setting the informal conference will advise the parties of the Court's toll-free conference line. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute.  If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

**B.      Discovery Motions**

If a motion is brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint

Statement") as required by Local Rule 251.[2]  In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause.  If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed 25 pages, must be filed seven (7) calendar days before the scheduled hearing date.  Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b).  In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed.  Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

## III.   STIPULATIONS OF DISMISSAL

For the reasons discussed on the records, the Court will order the parties to file stipulations of dismissal as to Plaintiff Riley and Defendants City of Modesto and State of California Franchise Tax Board no later than February 19, 2021 in accordance with Federal Rule of Civil Procedure 41(a).

At the hearing, the parties discussed Defendant City of Modesto's earlier stipulation and proposed order for dismissal with prejudice, (ECF No. 11). The Court notes that certain stipulated dismissals under Rule 41(a) are automatic. *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1080 (9th Cir. 1999) ("[T]he district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed.").  However, the filed stipulation requested court relief beyond mere dismissal from the action. (*See* ECF No. 11 at 2) ("Plaintiff, the IRS, and Seeger Industries shall be discharged and relieved of any further liability to Modesto in connection with this action, the property at issue, and the Modesto Claim."). The proposed order contained similar language. (*See*

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

*id.* at 4).

Any stipulation of dismissal that requests the Court to enter an order granting relief beyond dismissal may be beyond the reaches of the Court's powers under Rule 41(a)(1). *See Commercial Space Mgmt.*, 193 F.3d at 1077 n.4 (citing with approval *Gardiner v. A.H. Robins Co.,* 747 F.2d 1180, 1190 (8th Cir.1984) as "noting Rule 41(a)(1) 'contains no exceptions that call for the exercise of judicial discretion by any court' and invalidating district court's entry of 'So Ordered' notation on parties' Rule 41(a)(1)(ii) stipulated dismissal"); *cf. Hinsdale v. Farmers Nat. Bank & Tr. Co.*, 823 F.2d 993, 995–96 and n.1&2 (6th Cir. 1987) (discussing power district courts have in connection with Rule 41(a) stipulations of dismissal and, noting where stipulation of dismissal included reference to settlement agreement, court could not enter order retaining jurisdiction to enforce such settlement agreement). Thus, any orders requiring relief beyond mere dismissal—such as an order concerning the City of Modesto's liability to other parties—may require a motion to dismiss under Rule 41(a)(2), and they may require action by the district judge, *see* 28 U.S.C. § 636.

## IV.    PLEADING DEADLINES

The Court also addressed several issues with the parties' pleadings and responses.

Defendant Seeger Industries appears not to have filed an answer to the crossclaim filed by Defendant William Morehead. (*See* ECF No. 14). The Court will order Defendant Seeger Industries to file a notice of appearance and any necessary answers or other responses no later than February 19, 2021.

Defendant Ploutz has not filed an answer or response to the original complaint or any crossclaim against him. The Court will order Defendant Ploutz to file his answers or other responses no later than February 19, 2021.[3]

In addition, the Court notes that the Eastern District of California's website contains information specifically for *pro se* litigants such as Defendant Ploutz. *See* http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-

---

[3] Mr. Hoenig, who is counsel for the United States, agreed to discuss with Mr. Ploutz where he may be able to obtain resources to file pleadings.

litigant/. Certain documents there, such as "Pro Se Packet" and "Defendant's Answer to the Complaint," may be useful to Defendant Ploutz. The Court further notes that third-party websites may be useful in accessing the Federal Rules of Civil Procedure.

Additionally, Defendant Ploutz may wish to review several portions of Federal Rules of Civil Procedure 8, 10, 11 and 12 that address responses to complaints, including the following:

> (b) Defenses; Admissions and Denials.
>> (1) *In General.* In responding to a pleading, a party must:
>>> (A) state in short and plain terms its defenses to each claim asserted against it; and
>>> (B) admit or deny the allegations asserted against it by an opposing party.
>> (2) *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>> (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
>> (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>> (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>> (6) *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.
>
> (c) Affirmative Defenses.
>> (1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
>> • accord and satisfaction;
>> • arbitration and award;
>> • assumption of risk;
>> • contributory negligence;
>> • duress;
>> • estoppel;
>> • failure of consideration;
>> • fraud;
>> • illegality;
>> • injury by fellow servant;
>> • laches;
>> • license;

• payment;
• release;
• res judicata;
• statute of frauds;
• statute of limitations; and
• waiver.

(2) *Mistaken Designation.* If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

(2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8.

(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10.

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The

6

court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Fed. R. Civ. P. 11.

(a) Time to Serve a Responsive Pleading.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

…

(4) *Effect of a Motion.* Unless the court sets a different time, serving a

7

motion under this rule alters these periods as follows:
>   (A) if the court denies the motion or postpones its disposition until
>   trial, the responsive pleading must be served within 14 days after
>   notice of the court's action; or
>   (B) if the court grants a motion for a more definite statement, the
>   responsive pleading must be served within 14 days after the more
>   definite statement is served.

(b) How to Present Defenses. Every defense to a claim for relief in any pleading
must be asserted in the responsive pleading if one is required. But a party may
assert the following defenses by motion:
>   (1) lack of subject-matter jurisdiction;
>   (2) lack of personal jurisdiction;
>   (3) improper venue;
>   (4) insufficient process;
>   (5) insufficient service of process;
>   (6) failure to state a claim upon which relief can be granted; and
>   (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a
responsive pleading is allowed. If a pleading sets out a claim for relief that does
not require a responsive pleading, an opposing party may assert at trial any
defense to that claim. No defense or objection is waived by joining it with one or
more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12.

## V.    DEPOSITS OF REGISTRY FUNDS

The parties discussed a desire to deposit the funds at issue in this case with the Court. The

Court directs the parties' attention to Eastern District of California Local Rule 150:

(a) Deposits. Specific leave of court is required before making a deposit into the
registry of the Court. Leave of court may be requested by stipulation of all parties
who have appeared or by motion set on the regular calendar of the assigned
Magistrate Judge not less than seven (7) days from the date of filing and service.
A copy of a proposed order shall be delivered promptly to the Court's financial
unit for inspection pursuant to (d). See L.R. 302(c)(6).
. . .
(d) Order for Deposit or Disbursement—Interest–Bearing Account. Whenever a
party seeks a court order for money to be deposited in, or disbursed from, an
interest-bearing account, the party shall email a copy of the proposed order to the
Court's financial unit, at financial@caed.uscourts.gov, which will inspect the
proposed order for proper form and content and compliance with the Rule before
signature by the Court.

(e) Order for Disbursement of Registry Funds. At such time as registry funds are
to be disbursed, an order directing the Clerk, which must be clearly entitled

8

"Order to Disburse Funds," shall be presented to the presiding judge before whom the action is pending for approval and signature. The order must indicate which parties are entitled to principal and any accrued interest. It must also contain the name and mailing address of the party entitled to said funds, unless forbidden elsewhere in this Court's local rules, in which case the information may be redacted and/or provided directly to the Court's financial office. Funds will only be disbursed after the time for appeal has expired, or upon written stipulation by all parties approved by the court. A copy of the proposed disbursement order shall be delivered promptly to the Court's financial unit for inspection pursuant to (d).

(f) Registry Fund Fees. All funds invested in the court's registry will be assessed a registry fee. All matters relating to fees and taxes shall be governed by General Order.

Thus, pursuant to the Local Rule, the parties must file a motion or stipulation for the deposit. The parties shall also email a copy of the proposed order to financial@caed.uscourts.gov before providing a proposed order. The Court will order the parties to file either a motion or a stipulation concerning such deposit no later than February 19, 2021.

## VI.   SETTLEMENT

With the agreement of the parties, the Court ordered the parties to meet and confer regarding setting a settlement conference or third party mediation promptly. The Court orders the parties to email courtroom deputy Michelle Rooney no later than February 2, 2021 concerning a potential mediation, which is discussed more in the order below.

## VII.   ORDER

For the foregoing reasons, and the reasons discussed on the record, IT IS HEREBY ORDERED that:

1. A telephonic scheduling conference is set for April 26, 2021 at 1:30 p.m. The parties do not need to file a joint statement prior to such conference;

2. No later than February 19, 2021, the parties shall file stipulations of dismissal with respect to Defendants Donna Riley, in her capacity as the Treasurer-Tax Collector of Stanislaus County; State of California Franchise Tax Board; and City of Modesto;

3. No later than February 19, 2021, Defendant Seeger Industries shall file a notice of appearance and any answers or other responses to claims or crossclaims, to the extent such answers or other responses have not already been filed;

9

4.   No later than February 19, 2021, Defendant Ploutz shall respond to the complaint and any crossclaims against him;

5.   No later than February 19, 2021, the parties shall file a motion or stipulation concerning the deposit with the Court of the funds at issue in this case in accordance with Federal Rule of Civil Procedure 67 and Local Rule 150; and

6.   No later than February 2, 2021, the parties shall email Courtroom Deputy Michelle Rooney at mrooney@caed.uscourts.gov concerning (1) whether the parties wish to schedule a settlement conference with a magistrate judge and if so, potential dates for such a conference; or (2) the parties' plans to participate in a mediation with a private mediator including date selected for such a mediation.

IT IS SO ORDERED.

Dated:   **January 20, 2021**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE