1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7            EASTERN DISTRICT OF CALIFORNIA

8

9   DONNA RILEY, in her capacity as the            Case No.   1:20-cv-01177-DAD-EPG
    Treasurer-Tax Collector of Stanislaus
10  County,

11              Plaintiff,                          ORDER RE: NOTICE REGARDING
                                                    STIPULATION FOR ORDER TO DISBURSE
12          v.                                      FUNDS

13  LLOYD G. PLOUTZ, et al.,                        (ECF No. 80)

14              Defendants.

15

16          Before the Court is the notice regarding stipulation for order to disburse funds filed by

17  Defendant Lloyd G. Ploutz. (ECF No. 80). In this filing, Defendant recounts the parties' recent

18  efforts to come to a settlement agreement and states that he has refused to approve a settlement.

19  Defendant states the terms of a settlement that he believes are warranted and requests the Court to

20  consider his settlement requests and that he be included within the terms of any settlement.

21          This filing appears to be in response to the statement and request for extension to finalize

22  settlement efforts filed by Cross-Complainant United States on January 25, 2022, which

23  requested an extension of time for the parties to file a stipulation or joint motion of dismissal of

24  this action. (ECF No. 78). The Court granted this motion on January 26, 2022, giving the parties

25  until February 8, 2022, to file the appropriate dispositional documents. (ECF No. 79).

26          As an initial matter, to the extent that Defendant asks the Court to impose certain terms in

27  a settlement agreement or dispositional filing, the Court is without authority to do so. While

28  Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal, if all

1

parties who have appeared sign the dismissal, there is no provision under which the Court can alter the terms of the stipulation itself, or otherwise impose settlement terms upon the parties, absent consent of the parties and outside the normal court process for obtaining a judgment.

Next, the Court notes that Defendant's indicated refusal to agree to a settlement may, if unchanged, impact some deadlines in this case, notably, the February 8, 2022 deadline for the parties to submit dispositional papers and the remaining case deadlines should this case continue. (*See* ECF Nos. 59, 79). Thus, the Court finds it prudent to set deadlines concerning the resolution or resumption of litigation in this action.

According, IT IS ORDERED as follows:

1. No later than February 15, 2022, the parties are required, if they are able to reach a settlement, file an appropriate dispositional document under Federal Rule of Civil Procedure 41, or, alternatively, to file a joint report proposing a case schedule for the case going forward.

2. If the parties decide to file a joint report, a copy of the report shall also be emailed, in Word format, to epgorders@caed.uscourts.gov

IT IS SO ORDERED.

Dated:   __January 31, 2022__          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

2