UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RILEY, in her capacity as the Treasurer-Tax Collector of Stanislaus County,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD G. PLOUTZ, et al.,<br><br>Defendants. | Case No. 1:20-cv-01177-DAD-EPG<br><br>ORDER RE: MOTION TO DISBURSE FUNDS<br><br>(ECF No. 80) |

    Before the Court is the filing regarding "stipulation for order to disburse funds" filed by Defendant Lloyd G. Ploutz (Defendant) on January 27, 2022, which the Court construes as a motion to disburse funds. (ECF No. 80). In this filing, Defendant recounts the parties' recent efforts to come to a settlement agreement and states that he has refused to approve a settlement. Defendant asks the court to consider his statements and requests "compensation in the amount of $20,000" and to "be included within the settlement agreement." (*Id.* at 3) (capitalization omitted). The United States filed an opposition to the motion on February 10, 2022, referencing its recent motion for summary judgment against Defendant (ECF No. 81) and arguing that Defendant is entitled to no disbursement of funds. (ECF No. 86). Defendant filed a reply on February 18, 2022, stating that he stands by his initial filing. (ECF No. 87).

    The Court will deny Defendant's motion. Notably, there is no basis for the Court to order disbursement of funds based on a letter to the Court as opposed to a properly noticed motion for summary judgment or trial, in which evidence and legal argument is presented. *See* Fed. R. Civ.

P. 7(b) (requiring a motion to state particular grounds for seeking a court order); Fed. R. Civ. P. 56(c)(1) (requiring party asserting that a fact cannot be genuinely disputed to support the assertion with citation to particular parts of the record); Local Rule 260 (requiring party filing motion for summary judgment to file a statement of undisputed facts).

Additionally, to the extent that Defendant asks the Court to impose certain terms in a settlement agreement or dispositional filing, the Court is without authority to do so. While Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal, if all parties who have appeared sign the dismissal, there is no provision under which the Court can alter the terms of the stipulation itself, or otherwise impose settlement terms upon the parties, absent consent of the parties and outside the normal court process for obtaining a judgment.

According, IT IS ORDERED that Defendant's motion to disburse funds (ECF No. 80) is denied.

IT IS SO ORDERED.

Dated:   **February 23, 2022**             /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

2